IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Elbert John Benjamin Rutherford, aka Elbert Rutherford,<br><br>              Plaintiff,<br><br>vs.<br><br>Joshua Cannon,<br><br>              Defendant. | Civil Action No.: 8:09-2137-HMH-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Defendant's Motion for Summary Judgment, or, alternatively, for a Stay. (Dkt. # 25.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on August 13, 2009, seeking damages for alleged civil rights violations. On January 4, 2010, the Defendant filed a motion for summary judgment or, alternatively, a motion for a stay. On January 5, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 5, 2010, the Plaintiff filed a response to the Defendant's motion.

## **FACTS PRESENTED**

The pro se Plaintiff is currently awaiting trial on a driving under the influence ("DUI") charge in Greenville County. On February 21, 2009, at approximately 6:30 p.m., the Plaintiff was driving near downtown Greenville. (Compl. at 1.) An anonymous caller, Melissa Jones, called the police and reported that she thought that the Plaintiff may be driving while intoxicated because he was driving erratically and had swerved off the road. (Compl. at 1-2.) The Defendant Trooper Joshua Cannon responded to the call and followed the Plaintiff for a mile and a half to two miles. (Compl. at 2.) Trooper Cannon asked the Plaintiff to step outside of the car and perform sobriety tests and the Plaintiff acknowledges he consented. *Id*. The Plaintiff, however, alleges Trooper Cannon did not properly administer the tests and he disputes some of the statements which Trooper Cannon has made about his performance on some of the tests. The Plaintiff alleges that Trooper Cannon then placed him under arrest for DUI.

The Plaintiff was taken to the Greenville County Detention Center ("GCDC") and he was given a breathalyzer test twice. The Plaintiff acknowledges that the results were .0479 and .043259 and both tests showed interference on the results. (Compl. at 2.) Trooper Cannon asked if the Plaintiff would take a blood test and the Plaintiff consented. The Plaintiff was taken to Greenville Memorial Hospital and his blood alcohol tests results showed a .035 blood alcohol concentration. The Plaintiff acknowledges he also tested positively for cocaine. However, he alleges that a State Law Enforcement Division ("SLED") toxicologist stated that the Plaintiff could have used cocaine the night before and most likely the small amount of cocaine in his blood did not affect his driving ability. The

Plaintiff alleges that Trooper Cannon then took him back to the GCDC and booked him, where he was released the following day. The Plaintiff is seeking actual and punitive damages. (Compl. at 7.)

The Defendant Trooper Cannon's version of events does not differ much from the Petitioner's allegations in the Complaint. Trooper Cannon avers that on February 21, 2009, he was notified by dispatch that a citizen was following a driver who was possibly impaired and who was driving erratically in a white Cadillac near downtown Greenville. (Def.'s Mem. Supp. Summ J. Mot. - Cannon Aff. ¶ 2). Trooper Cannon states that he observed that all of the car's windows were rolled half way down, which he found unusual in light of the time of year and temperature which was in the mid-forties. (Cannon Aff. ¶ 5.) Cannon states he initiated a traffic stop and upon approaching the vehicle, he detected an odor of alcohol. (Cannon Aff. ¶¶ 7-8.)

Cannon avers that he asked the Plaintiff if he had been drinking and the Plaintiff responded that he had been drinking beer. (Cannon Aff. ¶ 10). Cannon asked Plaintiff to step out of the car and administered several field sobriety tests. (Cannon Aff. ¶ 12). Cannon states that the Plaintiff displayed five of six clues on the horizontal gaze nystagmus test. *Id.* He also avers that on the walk and turn test, the Plaintiff had difficulty maintaining his balance during the instruction phase, stepped off line, missed heel-to-toe, turned improperly, and used his arms for balance. *Id*. On the one-leg stand, the Plaintiff used his arms for balance. *Id.*

Cannon states that he then arrested the Plaintiff for DUI and transported him to the GCDC where the Plaintiff consented to two breathalyzer tests. (Cannon Aff. ¶¶ 13-18).

Each of the breathalyzer tests registered "Interference." (Cannon Aff. ¶ 19). Cannon states the Plaintiff consent to a blood test and was transported to Greenville Memorial Hospital where a blood sample was collected. (Cannon Aff. ¶¶ 20-21). The blood sample was sent to and tested by SLED. (Cannon Aff. ¶ 22). The blood test results showed that the Plaintiff had a blood-alcohol content of 0.035 and also tested positive for cocaine. (Cannon Aff. ¶ 22). Following collection of the blood sample, Cannon states he transported the Plaintiff back to the GCDC.

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v.*

*Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The Defendant first contends that allowing the Plaintiff to proceed in this §1983 action could result in inconsistent results or prejudice the pending state criminal proceeding and therefore he should be granted summary judgment. (Def.'s Mem. Supp. Summ. J. Mot. at 5.) Alternatively, the Defendant contends that this case should be stayed until the Plaintiff's state criminal prosecution has ended. *Id*. The Plaintiff argues that the Defendant's Summary Judgment Motion should be denied as it is premature and he has not had a chance to conduct discovery. Alternatively, he agrees that this case should be stayed. (Pl.'s Mem. Opp. Summ. J. Mot. at 14.)

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme

Court held that when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his state-court conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck,* 512 U.S. at 486-87.

More recently, however, the Court held that the rule in *Heck* does not apply in the pre-conviction context, i.e. where criminal charges are still pending. *Wallace v. Kato,* 549 U.S. 384, 393 (2007). When criminal charges are pending, the Court held "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* As the Court in *Wallace v. Kato* discussed, a stay may be necessary to eliminate the possibility of inconsistent judgments and to prevent the statute of limitations from barring any claims the plaintiff may have for false arrest because the limitations period is not tolled during the pendency of the criminal proceedings. *Id.* at 397. Here, it is undisputed that the Plaintiff's DUI charge is still pending in state court and it appears a stay is appropriate in this case. Therefore, the undersigned recommends that this action be stayed pending the resolution of the Plaintiff's state criminal prosecution for DUI. *See, e.g., Gallipeau v. Mitchell,* 2009 WL 539947 at *6 (D.S.C. 2009)(unpublished) (*citing Wallace*).[1]

As to the Plaintiff's requests that he now be allowed to conduct discovery (Pl.'s Mem. Supp. Summ. J. Mot. at 2), the undersigned notes that the Plaintiff cannot allow a

---

[1] If the plaintiff is ultimately convicted, and if this civil action would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Heck,* 512 U.S. at 487.

case to proceed to the summary judgment stage and then request discovery. The Plaintiff contends that he has not conducted any discovery because he was waiting for the court to set a deadline for discovery. (Pl.'s Mem. Opp. Summ. J. Mot. at 1.) However, the serve order in this case which was filed on September 1, 2009, specifically states it is a scheduling order and set the appropriate deadline for the filing of dispositive motions by the Defendant. (Dkt. # 11.) Accordingly, the Plaintiff's request to now be allowed to conduct discovery should be denied.

Furthermore, to the extent that the Plaintiff is now attempting to bring a habeas claim based upon his pending DUI charge, (Pl.'s Mem. Opp. Summ. J. Mot. at 2), a §1983 action is not the proper vehicle to bring such a claim and, more importantly, a federal habeas action is clearly premature at this point as the Plaintiff has not been convicted on the DUI charge.[2] The undersigned also notes that a federal district court will not interfere in ongoing state court proceedings, absent extraordinary circumstances. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir.1989), the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Here, the Plaintiff will be able to present any alleged federal constitutional claims in his ongoing state trial.

---

[2]Additionally, the Plaintiff would have to exhaust his available state remedies. prior to filing a federal habeas petition and name a proper defendant.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Dkt. # 25) be DENIED; the Defendant's Alternative Motion for a Stay (Dkt. # 25) be GRANTED; and that the case be STAYED during the pendency of the Plaintiff's state court criminal proceedings.

Furthermore, IT IS RECOMMENDED that the Plaintiff's requests to conduct discovery and proceed with a habeas claim in this action be DENIED.

IT IS SO RECOMMENDED.

                                                   s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

March 10, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).