IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Elbert John Benjamin Rutherford a/k/a Elbert Rutherford, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 8:09-2137-HMH-BHH |
| vs. | ) ) ) | **OPINION & ORDER** |
| Joshua B. Cannon, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Plaintiff Elbert John Benjamin Rutherford ("Rutherford"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights.  Defendant filed a motion for summary judgment, or, in the alternative, motion to stay on January 4, 2010.  In her Report and Recommendation, Magistrate Judge Hendricks recommends denying Defendant's motion for summary judgment and granting Defendant's motion to stay.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

# I. Factual and Procedural History

On February 21, 2009, Rutherford was driving near downtown Greenville. (Compl. 1.) An anonymous caller, later identified as Melissa Jones ("Jones"), called the Greenville police to report that it appeared as though Rutherford was driving while intoxicated. (Id.) Defendant Trooper Cannon received a dispatch notifying him of Jones' telephone call at approximately 7:50 p.m. (Def. Mem. Supp. Summ. J. Attach. 2 (Trooper Cannon Aff. ¶ 2).) Cannon responded and located a Cadillac matching the description and license plate reported at the intersection of Main Street and Broad Street. (Id. Attach. 2 (Trooper Cannon Aff. ¶ 4).) Trooper Cannon initiated a traffic stop of the Cadillac. (Id. Attach. 2 (Trooper Cannon Aff. ¶ 3).) Rutherford alleges that Trooper Cannon followed him "for about a mile and a half to two miles" and "didn't have any suspicion that I was intoxicated, other than my windows where [sic] rolled down half way through downtown." (Compl. 5.)

Upon approaching the vehicle, Trooper Cannon detected an odor of alcohol from inside the vehicle. (Def. Mem. Supp. Summ. J. Attach. 2 (Trooper Cannon Aff. ¶ 8).) Rutherford was the driver of the vehicle. With Rutherford's consent, Trooper Cannon performed a variety of sobriety tests. "On the walk, and turn test, [Rutherford] had difficulty maintaining his balance during the instruction phase, stepped off line, missed heel-to-toe, turned improperly, and used his arms for balance." (Id. Attach. 2 (Trooper Cannon Aff. ¶ 12).) Rutherford alleges that Trooper Cannon did not properly administer the sobriety tests. (Compl. 5.) Trooper Cannon arrested Rutherford for driving under the influence and transported him to the Greenville County Detention Center where he consented to two breathalyzer tests. (Id.) Rutherford also consented to blood testing. (Id.) The blood test results showed that Rutherford had a blood-alcohol content

of 0.035. (Def. Mem. Supp. Summ. J. Attach. 2 (Trooper Cannon Aff. ¶ 22).) Rutherford was placed in custody of the Greenville County Detention Center and released on February 22, 2009.

Rutherford filed a complaint against Trooper Cannon on August 13, 2009, alleging various constitutional violations pursuant to 42 U.S.C. § 1983. (Compl., generally.) On January 4, 2010, Defendant filed a motion for summary judgment or, in the alternative, motion to stay. At the time Defendant filed the motion for summary judgment, Rutherford had not been tried for the DUI charge. Rutherford filed a memorandum in opposition on February 5, 2010. Magistrate Judge Hendricks recommends granting Defendant's motion to stay and denying Defendant's motion for summary judgment.[2] (Report and Recommendation 8.) Defendant filed objections on March 24, 2010.

On April 15, 2010, Rutherford filed a motion to proceed with the civil case stating that "on April 13th, 2010, [he] went before the magistrate court for the driving under the influence [and] [t]he jury found [him] not guilty." (Mot. Proceed 1.) Rutherford requests that "the court . . . lift the motion to stay and move forward in this case." (Id.) On May 3, 2010, Trooper Cannon filed a memorandum in response to Rutherford's motion to proceed with the civil case seeking "an order allowing him to supplement or refile his Motion for Summary Judgment" because "additional evidence was obtained during [Rutherford's] DUI trial which supports [Defendant's] motion for summary judgment." (Def. Resp. Mem. 2.) Therefore, Trooper Cannon requests sixty days to supplement or refile his motion for summary judgment. (Id.)

---

[2] The magistrate judge also recommends denying Rutherford's request to conduct discovery and proceed with a habeas claim. The court finds no pending motion from Rutherford regarding these two requests and therefore will not address them.

## II. DISCUSSION OF THE LAW

Magistrate Judge Hendricks recommended granting Defendant's motion to stay because, at the time of the Report and Recommendation, Rutherford's DUI charge was pending in state court. (Report and Recommendation 6.) However, on April 13, 2010, Rutherford was found not guilty of the DUI charge. (Def. Mem. Resp. Mot. Proceed 2.) Based on the foregoing, the court declines to adopt the Report and Recommendation and denies Defendant's motion for summary judgment or, in the alternative, motion to stay as moot. Defendant is granted thirty (30) days from the date of this Order to refile his motion for summary judgment.

It is therefore

**ORDERED** that Defendant's motion for summary judgment or, in the alternative, motion to stay, docket number 25, is denied as moot. It is further

**ORDERED** that Rutherford's motion to proceed with the civil case, docket number 36, is denied as moot. It is further

**ORDERED** that the case is remanded to the magistrate judge for further proceedings. Defendant is given thirty (30) days from the date of this Order to refile his motion for summary judgment.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 10, 2010