N THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Elbert John Benjamin Rutherford, ) | Civil Action No.: 8:09-2137-HMH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Joshua B. Cannon, ) | |
| ) | |
| Defendant. ) | |

The pro se Plaintiff filed this civil rights action on August 13, 2009, alleging various constitutional violations pursuant to 42 U.S.C. § 1983. Before the court is the Plaintiff's Motion to Proceed with Rule 56(g). (Dkt. # 45.)[1]

In this motion, the Plaintiff alleges the Defendant Officer Joshua Cannon is attempting to delay this §1983 action from proceeding by filing a second summary judgment motion and a submitting a false affidavit in support of his motion. The Plaintiff states that he is seeking sanctions pursuant to Rule 56 (g), Fed. R. Civ. P. Rule 56(g) states:

> If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including

---

[1] The Fourth Circuit has not specifically addressed whether Rule 56(g) sanctions are dispositive or nondispositive and may be disposed of by a magistrate judge. However, in an unpublished opinion, the Court has held that Rule 37 sanctions are nondispositive. *Kebe ex rel. K.J. v. Brown,* 91 Fed. Appx. 823, 827 (4th Cir. 2004) ("The magistrate judge's order disposing of [the plaintiff's] Rule 37 motion for sanctions is undoubtedly a nondispositive matter covered by Rule 72"). Likewise, other courts have held that the decision to award sanctions is generally considered nondispositive unless the sanction imposed is itself dispositive of a claim or defense, and therefore may be decided by a magistrate judge. *See Maisonville v. F2 America, Inc.*, 902 F .2d 746, 747-48 (9th Cir. 1990) (holding that Rule 11 sanctions are nondispositive unless dispositive of a claim or defense); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525-26 (2d. Cir. 1990) (finding Rule 37 monetary sanctions to be nondispositive). *See also Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 304 n. 9 (E.D.Va. 2004) (holding the imposition of sanctions is a nondispositive matter unless the sanction imposed disposes of a claim or defense.) Accordingly, the undersigned has determined that the Plaintiff's motion seeking sanctions pursuant to Rule 56 (g) is nondispositive and may be disposed of by a magistrate judge.

> attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

Although the term "bad faith" is not defined in the Federal Rules of Civil Procedure, courts have held that the term "bad faith" connotes an action taken without any colorable legal or factual basis. *See, e.g., See Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir.1985) (holding to award attorney's fees on the basis of bad faith, the court must find clear evidence that the claim was "entirely without color."). *See also Bowers v. Rector & Visitors of Univ. of Va.*, No. 3:06 CV 00041, 2007 WL 2963818, at *3 (W.D.Va. 2007). In addition to its invocation of a subjective standard, Rule 56(g) also imposes an elevated burden of proof. There must be "clear evidence of bad faith or vexatiousness." *Weinberger v. Kendrick,* 698 F.2d 61, 80 (2d Cir.1982). *See also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed.Cir. 2004). The standard is a subjective one and requires the offending party to know that the affidavit was improper. *Bowers v. Rector & Visitors of Univ. of Va.* *3. In addition, the showing of bad faith must be by clear evidence. *Id.,* at *4.

First, the Plaintiff states that the Court has already denied the Defendants' first summary judgment motion. This is simply an inaccurate statement. The Defendant filed his first summary judgment motion on January 4, 2010, in which he alleged, inter alia, that the Plaintiff's claims were premature as the Plaintiff's state criminal DUI charge was pending. (Dkt # 25.) The undersigned recommended that the case be stayed pending resolution of the state criminal charge. (Dkt. # 31.) Prior to consideration by the District Court, on April 13, 2010, the Plaintiff was found not guilty on the state charge. On May 11, 2010, United States District Court Judge Henry M. Herlong declined to adopt the report and recommendation and denied the Defendant's summary judgment motion as moot. (Dkt. # 41.) Judge Herlong gave the Defendant thirty days to refile his motion for summary judgment. *Id*. The Defendant thereafter filed an amend motion for summary judgment on

2

June 10, 2010. The Defendant's amended motion for summary judgment addresses the remaining issues which have not been ruled upon.

Second, the Plaintiff states the Defendant's affidavit in support of his amended motion for summary judgment was submitted in bad faith in violation of Rule 56(g) and the Plaintiff is seeking court costs and fees. The Plaintiff points to four allegedly inconsistencies in between the Defendant's affidavit and his testimony at the Plaintiff's state criminal trial.

The Plaintiff contends that Cannon "lied about four times" while testifying at the Plaintiff's state DUI trial. (Mot. at 2.) The Plaintiff then argues that if the Defendant is unable to tell the truth at trial, the affidavit must have been submitted in bad faith. *Id.* The Plaintiff points to several alleged inaccuracies: 1) Trooper Cannon initially testified that the Plaintiff repeated the number fourteen three times during the one-legged stand, but later clarified that the Plaintiff repeated the number fourteen only twice; 2) Trooper Cannon testified that he was unaware of any other violations of law by the Plaintiff, but the Plaintiff notes that he did not have insurance and the wrong license tag was on the car; 3) Trooper Cannon did not testify about an unknown backseat passenger in the Plaintiff's car who the Plaintiff states is clearly visible in the video; and 4) Trooper Cannon testified that he detected an odor of alcohol coming from the Plaintiff's car, but the Plaintiff contends that if Trooper Cannon smelled alcohol, it must have been coming from someplace else because there were no open containers of alcohol in the Plaintiff's car. *Id.* These alleged inaccuracies or omissions do not support a determination that Trooper Cannon's affidavit was filed in bad faith. Trooper Cannon's affidavit does not contradict his trial testimony.

After reviewing the affidavit and the other evidence in the record, the undersigned concludes that there is no evidence that Cannon's affidavit was made in bad faith and the record establishes that the second summary judgment motion was filed in compliance with

3

the District Court's order, and not to delay this action from proceeding. The Plaintiff's motion does not set forth a reasonable basis for finding Cannon filed his affidavit in bad faith or the imposition of any sanctions under Rule 56(g). Accordingly, the Plaintiff's Motion to Proceed with Rule 56(g) (Dkt. # 45) should be DENIED.

        IT IS SO ORDERED.


        s/Bruce Howe Hendricks
        United States Magistrate Judge

September 2, 2010
Greenville, South Carolina